# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs June 17, 2014

## JEFFERY ODOM v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Rutherford County
### Nos.  F-55878A, F-56586B    David Bragg, Judge

---

## No.  M2014-00470-CCA-R3-HC - Filed July 8, 2014

---

Petitioner, Jeffery Odom, was convicted and sentenced for two felonies, with his sentences to be served concurrently.  He filed a petition for habeas corpus relief, contending that the concurrent sentences violated a statute that required consecutive sentencing under the circumstances.  The trial court dismissed his petition.  He filed a notice of appeal more than 30 days after the entry of the trial court's order, in violation of Tennessee Rule of Appellate Procedure 4(b).  We dismiss this appeal because of the untimely filing.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Jeffery Odom, Pro Se, Atlanta, Georgia

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; Trevor Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On February 14, 2005, Petitioner pled guilty to robbery in the Circuit Court of Rutherford County.  He was sentenced to seven years as a multiple offender with his sentence

to be served on probation. On March 16, 2006, Petitioner pled guilty to conspiracy to sell cocaine. He was sentenced to ten years, to be served on probation, with his two sentences to run concurrently. The judgment form shows that the second offense was committed on April 26, 2004. According to Petitioner, he was out on bond for the robbery offense when he committed the second offense.

On January 21, 2014, Petitioner filed a Petition for Writ of Habeas Corpus. He contended in the Petition that his concurrent sentences were void because they were in violation of Tennessee Code Annotated section 40-20-111(b)(1). That statute declares that when a defendant commits a felony while released on bail and is convicted of both offenses, the trial judge "shall order that such sentences be served cumulatively." If we follow Petitioner's argument to its logical conclusion, he is complaining because he received a total sentence of ten years, when his total sentence should have been seventeen years.

On January 24, 2014, the trial court filed an order denying the petition for habeas corpus relief. The court noted that Tennessee Code Annotated section 29-21-101(b)(1) "explicitly" denies habeas corpus relief for claims like Petitioner's. That statute declares that, "[p]ersons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ [of habeas corpus] on any claim that: (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing." On March 10, 2014, Petitioner filed an untimely notice of appeal.

*Analysis*

Rule 4(a) of the Tennessee Rules of Appellate Procedure states that "the notice of appeal . . . shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." The notice of appeal in this case was filed more than 30 days after the entry of the judgment below.

The notice indicates that it was sent from the United States Federal Penitentiary in Atlanta. The State acknowledges the existence of the "Mailbox Rule," which provides that a filing prepared by a *pro se* inmate is timely "if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing." Tenn. R. Crim. P. 49(d). The State also notes, however, that the "Certificate of Service" on Petitioner's Notice of Appeal does not indicate the date on which Petitioner provided the document to the appropriate individual at the correctional facility where he is housed. The State accordingly urges us to dismiss this appeal because it is untimely.

Rule 4(a) of the Tennessee Rules of Appellate Procedure also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such

document may be waived in the interest of justice." Thus, this court is entitled to waive the untimeliness of Petitioner's filing if justice so requires. However, there is nothing in the record of this case or in the briefs that were submitted to suggest that justice would be served by waiving the untimeliness of Petitioner's notice of appeal. The habeas corpus court correctly found that Tennessee Code Annotated § 29-21-101(b)(1) denies habeas corpus relief to persons in Petitioner's situation. This appeal should, therefore, be dismissed.

*Conclusion*

This appeal is dismissed.


_____
JERRY L. SMITH, JUDGE